THE PEOPLE *ex rel.* C. E. Landers, County Collector, Plaintiff in Error, *vs.* JOHN C. WHITE *et al.* Defendants in Error.

*Opinion filed June 16, 1914—Rehearing denied October 7, 1914.*

1. TAXES—*tax to improve main ditch of drainage district can not be charged against one sub-district, only.* Under section 43 of the Farm Drainage act sub-districts may be created, with the right to tax such sub-districts for the cost of constructing lateral drains in the sub-district connecting with the main ditch, but the cost of improving the main ditch, even though the improvement is within the limits of the sub-district, must be borne by the entire district. (*People* v. *Wilder*, 257 Ill. 304, followed.)

2. SAME—*when land cannot be assessed as entire tract without deducting area of right of way for ditch.* Where a drainage district has a deed to a right of way twenty feet wide for a ditch across a tract of land, the fact that the proposed improvement consists of converting the open ditch into a tile drain does not authorize assessing the land as an entire tract, on the theory that the proposed change will enable the land owner to use all the land, including the right of way, where it is not shown that the district has re-conveyed the right of way to the land owner.

WRIT OF ERROR to the County Court of Montgomery county; the Hon. JOHN L. DRYER, Judge, presiding.

J. EARL MAJOR, State's Attorney, and TAYLOR & TAYLOR; (HILL & BULLINGTON, of counsel,) for plaintiff in error.

RINAKER & RINAKER, MILLER & McDAVID, and PAUL McWILLIAMS, for defendants in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This writ of error brings up the record of a judgment of the county court of Montgomery county sustaining objections and refusing judgment for certain delinquent drainage taxes.

Drainage district No. 2 in the town of Pitman, Montgomery county, was organized in 1882, and included within its boundaries the lands now owned by defendant in error Perrine and part of the lands owned by defendant in error White. The district embraced about four thousand acres of flat prairie land, and the general scheme was to drain the same by one main open ditch extending from the outlet at the south line of the district north-eastwardly near to the north line of the district. The main ditch was something over four miles in length, and had two principal lateral branches, designated on the plat as "B" and "D," and a sub-lateral emptying into branch "B," which is designated as lateral "C." It appears that the main ditch "A" had been surveyed and partially excavated at some time prior to the organization of the district but the ditch was improved and completed by district No. 2 some time before 1884. After the district had been organized and going for considerable time four sub-districts were organized within district No. 2, known as sub-districts 1, 2, 3 and 4. The taxes involved in the present litigation were levied by the commissioners of the parent district No. 2 for certain improvements to be made on the lower end of the main ditch and by the commissioners of sub-district No. 4 for certain improvements to be made within said sub-district. The objections filed were applied to the taxes levied for both purposes. The court overruled the objections so far as the same related to the application for judgment for the taxes levied by the main district. Defendants in error have as-

signed no cross-errors, and the ruling of the court in so far as it applies to the taxes levied for district No. 2 is not involved in this proceeding.

There were a large number of objections interposed to the taxes levied for the improvement in sub-district No. 4. The estimated cost of the improvement in sub-district No. 4 was $22,950 while the cost of the improvement charged to the parent district is $6003. Sub-district No. 4 is in the upper or northern end of district No. 2, and, as formed, a greater portion of the main ditch as the same was located and constructed through the original district is within the limits of sub-district No. 4. The main ditch as originally constructed in district No. 2 was an open ditch. The proposed improvement in district No. 2 consists in converting that portion of the main open ditch within sub-district No. 4 into a tile drain, and a principal portion of the cost of the improvement is the purchase of large tile and installing them in the upper end of this main ditch. While there are numerous objections filed it will not be necessary to consider all of them. If there is one valid objection applicable to all of the taxes levied against defendants in error's lands in sub-district No. 4, that would require the affirmance of the judgment regardless of what might be thought of the other objection.

Among the objections sustained by the court is one that the taxes levied in sub-district No. 4 were, in fact, levied for the improvement of the main ditch of the old district No. 2. This objection is well supported and is conclusive of the whole controversy. While, under section 43 of the Farm Drainage act as amended in 1901, (Laws of 1901, p. 147,) the drainage commissioners may divide the district into as many sub-districts as there are separate areas, for the purpose of making assessments of benefits for the work to be done in such sub-districts, still the formation of sub-districts under this statute cannot be made for the purpose of bearing the burdens incurred by the main district in con-

nection with the construction, maintenance or repair of the main ditch. Sub-districts may be created for more minute drainage, with the right to tax such sub-districts for the construction of lateral drains connecting with the main ditch, but the power to divide into sub-districts cannot be used as a means of shifting burdens onto a part of the territory in the district which should be borne by all of the lands in the district according to benefits. This precise question was before this court in the late case of *People* v. *Wilder*, 257 Ill. 304, and it was there held that an objection raising the same question as the one now under con-· sideration should have been sustained. We regard that case as conclusive, under the facts in this record, of the validity of the tax levied against the lands in sub-district No. 4.

Another objection is, that certain tracts of defendants in error were assessed as entire tracts when, in fact, the drainage district had a right of way twenty feet wide through the same for the main ditch. It is argued by plaintiff in error that the conversion of the open ditch into a tile drain would restore to the land owners the entire surface, and that the tract should thereafter be taxed as an entire tract. The evidence is that the district has deeds to the right of way and has never re-conveyed the same or done any other act that would re-invest the land owners with the title. It may be that the district desires to hold the right of way, to be used in case it becomes necessary to lay additional tiles or return to the open ditch method of drainage.

The above objections being conclusive of the validity of the tax levied, it is not necessary to consider any others.

The judgment of the county court of Montgomery county is affirmed.                    *Judgment affirmed.*